Wei v. Garland

BIA
Conroy, IJ
A206 803 042

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-three.

PRESENT:
　　　　RICHARD C. WESLEY,
　　　　RICHARD J. SULLIVAN,
　　　　MYRNA PÉREZ,
　　　　　　*Circuit Judges.*

_____

GUI WEI,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　21-6059
　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:　　　Brian M. Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Linda Y. Cheng, Trial Attorney, Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gui Wei, a native and citizen of the People's Republic of China, seeks review of a January 19, 2021 decision of the BIA affirming a September 25, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gui Wei,* No. A 206 803 042 (B.I.A. Jan. 19, 2021), *aff'g* No. A 206 803 042 (Immig. Ct. N.Y.C. Sept. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to undisputed fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An asylum applicant has the burden to establish either

past persecution or an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "[T]he trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id*. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

The agency reasonably found that Wei did not meet his

burden of proof because he failed to provide persuasive testimony and to corroborate his claim with documentary evidence of his detention for attending an underground Christian church or of his proselytizing over social media in the United States. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253-54 (2d Cir. 2011) (upholding denial for failure to meet burden based on lack of sufficiently persuasive or detailed testimony and failure to provide reasonably available corroboration).

The IJ did not err in finding Wei's testimony unpersuasive, given that it lacked detail about, among other things, his attendance at an underground church gathering and his interactions with authorities during and after his detention. Nor did the IJ err in requiring corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (allowing IJ to require corroboration of even credible testimony if evidence is available and reasonably obtainable); *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) ("[A]n applicant may be generally credible, but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available."). Wei

4

provided no documents corroborating his detention by Chinese authorities and his efforts to convert others in the United States, despite testifying that he had such evidence. Certified Admin. Record at 165–66. Similarly, the letters from his family and friends did not corroborate his testimony that he spread the gospel in the United States or on Chinese social media. Because Wei could have presented additional evidence and has not done so or established it is unavailable, the IJ did not err in concluding that he failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Wei Sun*, 883 F.3d at 31; *see also* 8 U.S.C. § 1252(b)(4). This conclusion is dispositive of all forms of relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010). We have considered Wei's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5